**W.H. FRIEDMAN, Plaintiff,**

v.

**Donald J. DEVINE, et al., Defendants.**

**Civ. A. No. 81–756.**

United States District Court, District of Columbia.

Feb. 25, 1982.

W.H. Friedman, Pro Se.

Scott T. Kragie, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

Plaintiff, a lawyer employed by the Division of Advice in the National Labor Relations Board's Office of General Counsel, brought this action to set aside decisions of the Office of Personnel Management ("OPM") that have precluded him from eligibility for appointment as an administrative law judge ("ALJ") by various federal agencies. *See* 5 U.S.C. § 3105, 5 C.F.R. § 930.203(a) (1981). On August 17, 1979, plaintiff had filed an application with OPM's Office of Administrative Law Judges for eligibility certification and placement on the ALJ register. By letter dated September 4, 1980, the Office of Administrative Law Judges advised plaintiff he had been rated ineligible. After unsuccessful appeal of the determination of the Office of Administrative Law Judges to OPM's Administrative Law Judge Rating Appeals Panel, plaintiff commenced this action for review of final agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701–06. Invoking the Court's jurisdiction *inter alia* under 28 U.S.C. §§ 1331, 1361, he seeks an order declaring the decisions adverse to his application to be unlawful and compelling OPM to allow him to take the final examination required for certification of eligibility for appointment as an ALJ.[1]

The matter is now before the Court on cross-motions for summary judgment. Subject-matter jurisdiction is not contested by defendants, and it appears the

---

1. The practice of OPM is to exclude from the final stages of evaluation persons who do not meet the minimum criteria of experience and past professional attainment. *See* Administra-

Court may review this adverse personnel action under the Administrative Procedure Act, *supra.* *Compare Polcover v. Secretary of the Treasury* 155 U.S.App.D.C. 338, 477 F.2d 1223, *cert. denied,* 414 U.S. 1001, 94 S.Ct. 356, 38 L.Ed.2d 237 (1973). *See Bromberg v. Chairman, Civil Service Com'n,* 526 F.2d 592 (7th Cir.1975) (filed in Civil Action No. 81–756 as Attachment to Defendant's Motion for Summary Judgment, Aug. 6, 1981); *Etelson v. Office of Personnel Management,* Civil Action No. 79–1013 (D.D.C., Jan. 28, 1981). Congress has committed broad authority to OPM to determine the qualifications for the position of ALJ, 5 U.S.C. § 1305, and the regulations empower OPM to rate candidates based upon criteria developed by OPM. 5 C.F.R. § 930.103 (1981). The decisions challenged in this case cannot be overturned unless they were arbitrary, capricious, or not supported by substantial evidence. *Cf. Polcover v. Secretary of the Treasury, supra,* 155 U.S.App. D.C. at 341, 477 F.2d at 1226. On defendants' motion for summary judgment the district court's review will be limited to the administrative record submitted here. *Cf. Polcover v. Secretary of the Treasury, supra.* That record includes all the documents evidencing the decisions of the two bodies in OPM that considered the issues presented here, the plaintiff's own memoranda to the agency decisionmakers, and the other materials considered by OPM in assessing plaintiff's experience and attainment.

Announcement No. 318 issued by OPM in October 1979 [2] required applicants for ALJ certification to "clearly establish" at least seven years of experience "in the preparation, presentation, or hearing of formal cases in governmental regulatory bodies or court proceedings relating thereto." A.R. at 508. In essence, OPM requires applicants to demonstrate the familiarity with administrative litigation that it has deter-

mined only a person with seven years' litigation experience can be expected to possess. Plaintiff does not challenge this seven-year litigation experience requirement. Instead he attacks OPM's determination that his own work in the Advice Division in the Office of General Counsel was not litigation experience qualifying him for certification under Announcement No. 318. The administrative record indicates to the Court that plaintiff's contact with "formal cases" has been limited primarily to preparation of Advice Memoranda that authorize regional offices of the National Labor Relations Board to issue complaints or dismiss cases. The certifying authorities within OPM determined that plaintiff's undoubted experience and skill in settling disputes out of court and in advising potential litigants could not be credited toward the seven-year requirement to an extent that would indicate to OPM that plaintiff had the necessary direct litigation experience. A.R. 3–5, 149–151.

 Those facts, basic to the administrative decision and its rationale, are not disputed. Plaintiff claims, however, that at least two persons previously certified as eligible for placement on the ALJ register received credit for their time in the Advice Division of the Office of General Counsel. Defendants vigorously dispute this claim and argue that it is not supported by evidence in the administrative record. In papers filed September 25, 1981, plaintiff sought "leave to vertify assertions of fact" respecting this "historical" practice of OPM in granting full credit for Advice-Division work.[3] Even taking it to be true that OPM granted credit to the two individuals identified by plaintiff and that their contact with litigation was identical in nature and duration to that of plaintiff, such evidence would not demonstrate that OPM's decisions in his case were arbitrary, capricious, or not supported by substantial evidence.

tive Record ("A.R.") at 513–18. Plaintiff challenges the decisions, purportedly based upon his experience and attainment, to exclude him from the final written ALJ examination. He does not challenge OPM's general policy of requiring all candidates to meet its minimum standards of experience and attainment before being allowed to take the written examination.

**2.** Filed in the Administrative Record at A.R. 504.

**3.** The Court deems that filing to be a motion under Rule 56(f), Fed.R.Civ.P., for purposes of this disposition of defendants' motion for summary judgment.

It is undisputed that, if all of plaintiff's assertions respecting the two persons with experience similar to his own are true, both were probably certified by OPM long ago; indeed, the date of putative certification of one individual is apparently impossible to establish, and the other was certified in 1968. A.R. 26, 63.[4] OPM must be free to define and revise criteria to govern eligibility for ALJ service. *Cf. Ramspeck v. Federal Trial Examiners Conf.,* 345 U.S. 128, 133, 73 S.Ct. 570, 573, 97 L.Ed. 872 (1953). The impeccable record respecting OPM's decisions in plaintiff's case supports the rationality of OPM's determination in this case. Plaintiff's "historical" argument is to some degree inconsistent with the authority OPM has to define criteria and select applicants based upon the needs of the agencies and applicants' particular qualifications. All the other personnel from the Advice Division whom plaintiff asserts received ALJ certification, except those two, are conceded by plaintiff to have had other experience in litigation that he admittedly lacks. Moreover, OPM's rating of the reports filed by individuals asked to comment on plaintiff's ability to perform the work of an ALJ also indicated that plaintiff's qualifications were doubtful: he received only one-half of the "points" from his recommenders that he needed in order to take the final examinations.[5]

■ The record does contain a memorandum from two Administrative Law Judges urging OPM to consider Advice Division experience to be qualifying litigation experience. But the letter does not question the wisdom of a particular decision, in a case like the present one, that experience limited to work like that done by plaintiff would not alone suffice under Announcement No. 318. *See* A.R. 80–83. OPM would be entitled in any event to weigh that memorandum with the rest of the evidence, and the Court cannot say that rejection of the memorandum's position by OPM, in the exercise of its expertise, would be arbitrary or capricious. Certainly, the Court could not, with this record, overturn OPM's refusal to employ a mechanical rule that would grant, or deny, full credit for any work done in the Advice Division. *See* A.R. 85. Plaintiff suggests no evidence of invidious discrimination against him, only a refusal to grant him full credit for his Advice-Division work. Review of the full administrative record discloses no manipulation of OPM's evaluation procedure by any participant in the decisions. All the record discloses is that plaintiff believes his interpretation of Announcement No. 318's criteria to be superior to that of OPM. He can therefore obtain no relief here.

---

**4.** No agency records pertinent to plaintiff's claims relating to the two individuals had been located by OPM or produced by plaintiff or the Labor Board at the time the Administrative Record was filed in this action.

**5.** Defendants argue that plaintiff's "points" deficiency would be an independent basis for denying him the opportunity to take the final examinations. The Court, however, rests its disposition of the summary judgment motions directly on the rationality of the OPM determinations respecting litigation experience and the substantiality of the evidence supporting those determinations.